# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CV-07-108-RHW |
| vs. ) | |
| 5709 SOUTH MOHAWK DRIVE, SPOKANE, WASHINGTON, TOGETHER WITH ALL APPURTENANCES, FIXTURES, ATTACHMENTS, AND IMPROVEMENTS THERETO AND THEREUPON, ) | Post Complaint Protective Order |
| Defendant. ) | |

This matter having come before this Court on the motion of the United States of America for entry of a protective order pursuant to Title 18, United States Code, Section 983(j)(1)(A), which provides courts with jurisdiction to enter restraining orders and take such other action in connection with any property or other interest subject to forfeiture to ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

The United States has filed a civil forfeiture complaint with respect to the above-captioned Defendant real property, including all buildings, appurtenances, and improvements thereon;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. § 983(j)(1)(A) THAT:

Post Complaint Protective Order - 1
P70411dm.jke.wpd

The Defendant real property located at 5709 South Mohawk Drive, Spokane, Washington, is hereby restrained in the manners described below.

## I. DEFINITIONS

For purposes of this order, the following definitions shall apply:

1. "Potential claimants" refers to the owners of the Defendant real property, Brant M. Kido and Marilyn A. Kido, his/her successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise.

2. "Defendant real property", "the Property" or "5709 South Mohawk Drive" refers to the real property located at 5709 South Mohawk Drive, Spokane, Washington, including all buildings, appurtenances, fixtures and improvements thereon.

## II. PROHIBITED ACTIVITIES

IT IS THEREFORE ORDERED that potential claimants are enjoined from:

1) Entering into any agreement to sell the Defendant real property during the pendency of this forfeiture action, unless the District Court orders the Property sold in an interlocutory sale, with the net proceeds to be deposited into an interest-bearing account as the substitute *res*, held in the custody and control of the United States Marshals Service.

2) Transferring or disposing of, by any means, the Defendant real property. However, if any part of any of the Defendant real property has been transferred or disposed of by any means, potential claimants shall account to the Court for its disposition. Further, this Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said Property.

3) Selling, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the disposal of, or removal from, the jurisdiction of this

Post Complaint Protective Order - 2
P70411dm.jke.wpd

Court, any part of or interest in the Defendant real property, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order.

4) Knowingly allowing any illegal activity to occur at the Defendant real property during the pendency of this civil forfeiture action.

### III. **MAINTAINING THE PROPERTY**

IT IS FURTHER ORDERED that, during the pendency of this civil forfeiture action, potential claimants are ordered to do the following with respect to the Defendant real property:

1) Potential claimants shall take all reasonable precautions to prevent the destruction or diminution in value of the Defendant real property and any fixtures thereto.

2) Potential claimants shall maintain the yard and any landscaping in its current condition and shall not allow trash or other debris to accumulate.

3) Potential claimants shall maintain fire, flood, and hazard insurance on the Defendant real property.

4) Potential claimants shall ensure that all property taxes are paid on time and do not become delinquent.

5) Potential claimants shall neither take, nor knowingly permit or aid and abet, any action to destroy, damage, waste, dispose of, or transfer the Defendant real property, or it's fixtures, without authority of the Court, for the purpose of impairing or defeating the Court's continuing *in rem* jurisdiction over said Defendant real property, in violation of 18 U.S.C. § 2232(b).

### IV. **MONITORING**

IT IS FURTHER ORDERED that the United States may monitor potential claimants' compliance with this Order by all lawful means available, including a Writ of Entry, if ordered by this Court.

Post Complaint Protective Order - 3
P70411dm.jke.wpd

## VI. JURISDICTION

This Court shall retain jurisdiction of this matter for all purposes.

The terms of this order shall remain in full force and effect until judgment is rendered on the civil forfeiture complaint filed with respect to the Defendant real property, or further order of the Court.

ORDERED this 23 day of April, 2007.

_____
Robert H. Whaley
Chief United States District Judge